UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GABRIEL SEATON, | ) |
| *Plaintiff*, | ) Case No. 2:20-CV-124 |
| v. | ) Judge Collier |
| BLACK & DECKER (U.S.), INC., | ) Magistrate Judge Wyrick |
| *Defendant*. | ) |

**M E M O R A N D U M**

Before the Court is Plaintiff Gabriel Seaton's motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 47.) Defendant Black & Decker (U.S.), Inc., has filed a response (Doc. 49), and Plaintiff has replied (Doc. 50).

**I. BACKGROUND**

Plaintiff asks the Court to dismiss this action without prejudice. (Doc. 47) Plaintiff asserts dismissal without prejudice is appropriate as there are no pending counterclaims, motions to dismiss, or motions for summary judgment. (*Id.*) Plaintiff states no other grounds for dismissal without prejudice. (*See id.*)

Defendant has filed a response in opposition to Plaintiff's motion, contending it will suffer plain legal prejudice if Plaintiff is permitted to refile his lawsuit. (Doc. 49.) Should the Court grant Plaintiff's motion, Defendant asks the Court to order Plaintiff pay Defendant's attorney fees and to impose several conditions upon dismissal. (*Id.*)

Plaintiff filed a reply in which his counsel explains he underwent surgery in early December 2020 and recently tried a twelve-day jury trial in this Court. (Doc. 50.) Plaintiff asserts dismissal without prejudice is appropriate given that this case was filed less than a year ago. (*Id.*)

## II. DISCUSSION

Rule 41(a) governs voluntary dismissals. Rule 41(a)(2) allows a court to dismiss an action "at the plaintiff's request," and "[u]nless the order states otherwise, a dismissal under paragraph (2) is without prejudice."[1] "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Id.* The nonmovant suffers unfair treatment not from "the mere prospect of a second lawsuit," but rather when it would suffer plain legal prejudice. *Id.* The Court of Appeals for the Sixth Circuit has identified four factors to assess plain legal prejudice: (1) "the defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.*

As to the first factor, the trial of the case is scheduled to begin on May 10, 2021 (Doc. 15), and Plaintiff filed this motion on April 28, 2021 (Doc. 47). Defendant has expended significant time and effort litigating this action, as it has engaged in discovery, retained an expert witness, and filed several motions. (*See* Doc. 49.) Defendant represents its efforts have resulted in over $23,000 in legal fees. (*Id.*; *see also* Doc. 49-1 ¶ 7.) Although Plaintiff is correct that this case was filed less than a year ago, this case is not in its early stages, but rather its final stages, with a trial to

---

[1] Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by a notice of dismissal if the opposing party has not filed an answer or a motion for summary judgment or by stipulation. Here, Defendant has filed an answer (Doc. 3) and a motion for summary judgment (Doc. 19), so Rule 41(a)(1) does not apply.

2

begin in just one week. Thus, the first factor weighs in favor of denying Plaintiff's motion for voluntary dismissal.

As to the second factor, Plaintiff has provided no argument or evidence regarding his diligence in prosecuting this action. (*See* Doc. 47.) Defendant acknowledges Plaintiff complied with the scheduling order in most respects, with the exception of the expert-disclosure deadline. (Doc. 49.) Thus, the second factor weighs in favor of granting Plaintiff's motion for voluntary dismissal.

Regarding the third factor, Plaintiff provides no explanation as to why he needs to take a dismissal. (*See* Doc. 47.) In his reply, Plaintiff asserts he filed this motion because "this Court does not generally agree to continuing the matter." (Doc. 50.) This implies Plaintiff seeks dismissal to have more time to prepare for trial. However, Plaintiff's reply also discusses his failure to comply with the expert-disclosure deadline, which implies he seeks dismissal so that he can refile and timely disclose an expert. Regardless, the Court's analysis does not change, as Plaintiff has failed to explain why he needs to take a dismissal. Thus, the third factor weighs in favor of denying Plaintiff's motion.

The final factor is neutral. Plaintiff and Defendant both note that there is no summary-judgment motion currently pending. Defendant filed a motion for summary judgment (Doc. 19), which the Court granted in part and denied in part (Docs. 34, 35). The Court is unaware of case law evaluating this factor when a summary-motion has been filed and decided. The fourth factor considers "whether a motion for summary judgment has been filed by the defendant," which suggests it weighs in favor of denying a motion to dismiss even when the summary-judgment motion is no longer pending. *See Grover*, 33 F.3d at 718; *see also Fawns v. Ratcliff*, 117 F.3d 1420 (Table), 1997 WL 377025, at *3 (6th Cir. July 3, 1997) (holding district court did not abuse

its discretion in denying Rule 41(a)(2) motion where "one defendant had already been granted summary judgment"). Thus, this factor is, at best, neutral.

In sum, two factors weigh against allowing voluntarily dismissal of this case pursuant to Rule 41(a)(2), one factor weighs in favor of doing so, and one factor is neutral. Given the public-policy preference for deciding cases on their merits rather than on procedural technicalities, *see Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004), the Court finds voluntary dismissal without prejudice is warranted. Plaintiff's motion (Doc. 47) therefore will be **GRANTED**, subject to the conditions below.

## III. CONDITIONS OF DISMISSAL

Pursuant to Rule 41(a)(2), a court may dismiss an action "on terms that the court considers proper." This case is scheduled for a jury trial beginning on May 10, 2021. (Doc. 15.) It would be a waste of not only the parties' resources, but also the Court's resources, to start the case anew, particularly when Plaintiff's claims primarily will be the same as asserted here if he refiles this lawsuit. *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000).

Defendant asks the Court to impose the following conditions: (1) should Plaintiff refile his case, it must be refiled in this Court within the time period permitted by law; (2) all previous rulings and entries for this case must stand, and the case shall be in the same procedural posture as when it was dismissed; and (3) if Plaintiff prevails in a refiled suit, he must pay Defendant's expenses, costs, and fees for work performed in the first suit that cannot be used in the second suit. (Doc. 49.)

The Court finds the following conditions to be proper to conserve judicial resources and avoid unnecessary duplication of work for Defendant, while allowing the case to proceed on its merits if Plaintiff refiles:

1. Should Plaintiff decide to refile the case at a later date, it must be filed in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law. Further, Plaintiff shall serve any expert disclosures on Defendant within thirty days after service of process on Defendant. Defendant shall file its responsive expert disclosures within sixty days after service of Plaintiff's disclosures.

2. All previous rulings and entries on the docket before November 15, 2020, will apply to the refiled case, and the case will be in the same procedural posture as it was on November 15, 2020, with the following exceptions:

    a. Fact discovery shall be closed.

    b. The Court's grant of summary judgment as to Plaintiff's claims based on the hedge trimmer's alleged defective condition due to a design or manufacturing defect shall stand. (*See* Doc. 34 at 5–6.)

3. If Plaintiff prevails in his refiled suit, he must pay Defendant's expenses, costs, and fees for work performed in the first suit that cannot be used in the second suit, which shall include, but not be limited to, Defendant's expenses, costs, and fees for responding to Plaintiff's motion for voluntary dismissal. If Plaintiff makes expert disclosures in the refiled suit, this shall also include, but not be limited to work related to moving for summary judgment based on Plaintiff's lack of expert testimony.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion for voluntary dismissal (Doc. 47) and **DISMISS** this action **WITHOUT PREJUDICE**, subject to the conditions described above.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**